IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL BRANDON CLARKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:19-cv-00418 |
| | ) | |
| JONATHAN LEBO, Warden, | ) | JUDGE RICHARDSON |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff Michael Brandon Clarkson's motion to reopen this closed case (Doc. No. 9) and his application for leave to proceed in forma pauperis (IFP). (Doc. No. 10.)

Plaintiff is a former inmate of the Morgan County Correctional Complex in Wartburg, Tennessee who is currently incarcerated at the Hardeman County Correctional Facility in Whiteville, Tennessee. On May 17, 2019, Plaintiff filed a pro se complaint under 42 U.S.C. § 1983, claiming negligence by the warden of West Tennessee State Prison following an incident that took place on May 14, 2018. (Doc. No. 1 at 2–3.) Plaintiff filed an IFP application along with his complaint. (Doc. No. 2.) By Order entered June 10, 2019, the Court advised Plaintiff that his IFP application was deficient, as his affidavit of poverty was not signed or dated and his 6-month account history was not certified by an appropriate prison official. (Doc. No. 4 at 1.) The Court therefore ordered Plaintiff to either cure the deficiency using a form provided by the Court or pay the full filing fee within 28 days. (*Id.* at 1–2.)

Forty-two days later, on July 22, 2019, the Court received a letter from Plaintiff advising that he had been transferred from Morgan County to Hardeman County, and that on account of

this transfer he did not receive the Court's June 10 Order until June 21, 2019. Based on these representations, the Court granted Plaintiff an extension of his filing deadline by Order entered July 25, 2019, resulting in a new effective deadline of August 22, 2019 to file a proper IFP application or pay the filing fee. (Doc. No. 7.) The Court explicitly warned Plaintiff that failure to "comply with this Order (or seek an extension of time within which to do so) within the time frame specified" may result in the dismissal of his case. (*Id.* at 2.)

Plaintiff did not meet this extended deadline, nor did he request additional time in which to do so. Accordingly, on September 10, 2019, nineteen days after Plaintiff's extended deadline, the Court dismissed this case without prejudice for want of prosecution and failure to comply with the Court's Order. (Doc. No. 8.) The Court assessed the $400.00 filing fee against Plaintiff. (*Id.*)

On September 23, 2019, Plaintiff filed his motion to reopen this case. (Doc. No. 9.) "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" for reasons including excusable neglect. Fed. R. Civ. P. 60(b)(1); *see Clark v. Burlington Coat Factory*, No. 3:05-0364, 2006 WL 2035715, at *1 (M.D. Tenn. July 17, 2006) (reviewing under Rule 60(b) pro se plaintiff's motion to reopen case dismissed for, e.g., failure to comply with court orders). "Factors to be considered in determining whether a party's neglect is excusable include the potential prejudice to the movant, the length of the neglect, the reason for the neglect, including whether it was within the movant's control, and whether the movant acted in good faith." *Clark*, 2006 WL 2035715, at *1.

Because the dismissal of his lawsuit was without prejudice to his right to refile, Plaintiff will not be prejudiced by a finding of *in*excusable neglect. As to the reasons for his inaction, Plaintiff states that his "IFP was not processed and was initially lost, so the plaintiff had to submit another one" to the Hardeman County business office. (Doc. No. 9 at 1–2.) Notably, when Plaintiff

submitted his request for trust fund account documentation to the business office on September 3, 2019 (Doc. No. 10 at 3), twelve days past his extended deadline, the responsive documentation was promptly generated and delivered to Plaintiff two days later, on September 5, 2019. (*Id.* at 4–7; Doc. No. 9 at 2.) Plaintiff did not place his IFP application in the Hardeman County outgoing mail until September 20, 2019. (Doc. No. 9 at 5.) Nonetheless, he posits that his "failure to provide the IFP on time should not result in dismissal," but assessment of the fee against him in order to allow his case to proceed. (*Id.* at 2.)

Plaintiff's position reflects his misunderstanding of the latitude afforded pro se litigants. "While the complaints of pro se litigants should be liberally construed, '[l]iberal construction does not mean liberal deadlines.'" *Parris v. Keystone Foods, LLC*, 959 F. Supp. 2d 1291, 1299 (N.D. Ala. 2013) (quoting *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir.1999) (citation omitted), *overruled in part on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir.2003) (en banc)). Plaintiff had ample notice of what he had to do to preserve his claim in this Court, but failed to do it. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Courts are therefore "generally . . . much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (citing *Baldwin County*, *supra*).

His pro se status notwithstanding, Plaintiff is not free to casually disregard the deadlines established in the Orders of this Court. The Court finds that Plaintiff has failed to show that his neglect was excusable, as it was within his control to assemble and file a proper IFP application during the time period between his relocation to Hardeman County on June 21, 2019, and his extended filing deadline of August 22, 2019.

In light of the foregoing, Plaintiff's motion to reopen this case (Doc. No. 9) is **DENIED**. The Clerk is **DIRECTED** to terminate Plaintiff's IFP application (Doc. No. 10) as a pending motion.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE